IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

STANLEY TARRAND,

      Appellant,

 v.                                                                    Case No.  5D15-4400

STATE OF FLORIDA,

      Appellee.

_____/

Opinion filed June 10, 2016

3.850 Appeal from the Circuit
Court for Sumter County,
William H. Hallman, III, Judge.

Stanley Tarrand, Avon Park, pro se.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Douglas T. Squire,
Assistant Attorney General, Daytona
Beach, for Appellee.


PER CURIAM.

Stanley Tarrand appeals an order denying his successive motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm.

Tarrand contends that his fifty-one-year sentence, agreed to as part of a plea agreement, for second-degree murder, committed in 1994 when he was fifteen years old,

is a de facto life sentence that does not provide a meaningful opportunity for relief. Tarrand argues that his sentence is unconstitutional under the holdings of <u>Miller v. Alabama</u>, 132 S. Ct. 2455 (2012), and <u>Graham v. Florida</u>, 560 U.S. 48 (2010), and seeks resentencing pursuant to section 921.1402, Florida Statutes (2015). The trial court denied Tarrand's motion, holding that he "is eligible for early release," and "has failed to show that his sentence exceeds his life expectancy and is thus a de facto life sentence." Because Tarrand committed his crime in 1994, he is, as the trial court correctly found, eligible for early release, due to his potential to accrue significant gain time.[1] <u>See</u> § 921.001(10)(b)2., Fla. Stat. (1994). Thus, because he has a meaningful opportunity for early release, we affirm the trial court's order.

AFFIRMED.

SAWAYA, ORFINGER and COHEN, JJ., concur.

---

[1] Tarrand will be sixty-six years old if he serves one hundred percent of his sentence. However, because he is eligible for early release, his tentative release date is in 2019 when he will be forty-one-years old. Accordingly, we do not address whether Tarrand's sentence is a de facto life sentence.